**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**JOHNSON & JOHNSON CONSUMER**
**COMPANIES, INC.,**

                      **Plaintiff,**                  **MEMORANDUM AND ORDER**

                      -against-                        02-CV-6624 (DLI)

**HARRY ANI, et al.,**

                      **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court are plaintiff's motions (1) to permit plaintiff to serve its Third Set of Interrogatories upon defendants, and (2) to compel defendants to produce (for chemical analysis) samples of the Ambi product produced at the depositions of Ian Plane and Michael Kessler. For the reasons that follow, plaintiff's motions are both granted.

    **I.**        **Interrogatories**

Plaintiff's Third Set of Interrogatories seek information concerning the origin and handling of the Ambi product produced by defendants at the Plane and Kessler depositions. See 9/9/05 Letter from Rodney A. Brown ("9/9/05 Pl. Letter") and attachments thereto. The Court rejects defendants' objection that those Interrogatories are belated and cumulative. See 9/14/05 Letter from Michael J. Ioannou, Esq. It was not until last month that defendants formally responded to plaintiff's Third Request for Documents and alleged in their response that they have no documents concerning the exhibits at issue. Therefore, the Interrogatories are neither belated nor cumulative. Furthermore, information concerning the source of and

defendants' acquisition of possibly counterfeit Ambi product[1] is unquestionably relevant to plaintiff's claims of trademark infringement and to the enforcement of the preliminary injunction entered into with defendants' consent.

Accordingly, defendants' objections are overruled. Defendants shall respond to the Third Set of Interrogatories (appended as Exhibit A to 9/9/05 Pl. Letter) by October 13, 2005.

### II. Motion to Compel Samples

At the discovery/settlement conference held on August 11, 2005, this Court ruled that plaintiff was entitled to a sample of the Ambi product identified at the Plane deposition. See 8/11/05 Calendar Order at 1. The parties were "directed to confer in good faith to resolve how the sampling [would] occur." Id. at 2. Plaintiff's attorney has repeatedly attempted to do so, but received no response from defense counsel, see Letter dated 9/22/05 from Rodney A. Brown, at 1-2, who alleges that he was been too "busy" to comply. See 9/26/06 Letter from Michael J. Ioannou ("9/26/05 Def. Letter"), at 1.

Defendants now offer to allow plaintiff's counsel to "inspect" the product but not to perform chemical testing on it. See id. at 1-2. Defendants will not be permitted to relitigate this issue, which the Court resolved in plaintiff's favor at the August 11th conference. See, e.g., 8/11/05 Calendar Order at 1. The only issues that the Court declined to decide concerned how much product would have to be produced for physical testing and the logistics of the production and testing. As for defense counsel's argument that plaintiff fails to disclose the "qualifications, experience and expertise" of the laboratory selected to conduct the testing, see 9/26/05 Def. Letter at 2, this objection is overruled, as defense counsel failed to confer

---

[1] As plaintiff has not yet analyzed the product at issue, see *infra* Point II, it has not stated definitively that the product is counterfeit.

with his adversary on such matters, despite the Court's direction that he do so.[2]

Accordingly, plaintiff's application for a compulsion order is granted. Plaintiff shall, by September 29, 2005, submit a proposed order detailing the timing and logistics of the production and testing of the Ambi product at issue.

**SO ORDERED.**

**Dated:** Brooklyn, New York
September 26, 2005

/s/
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

---

[2] Similarly unavailing is defendants' belated contention that the subject Ambi product is "in the possession and control of defense counsel's predecessor law firm in Boca Raton." 9/26/05 Def. Letter at 2.