UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHNSON & JOHNSON CONSUMER           :
COMPANIES, INC.,                     :
                Plaintiff,      :
                                 :    **ORDER ADOPTING REPORT**
          -against-            :    **AND RECOMMENDATION**
                                 :    02-cv-6624 (DLI) (RLM)
HARRY AINI, et al.,                  :
                                 :
                Defendants.     :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Johnson & Johnson Consumer Companies, Inc., brought this action against various corporate and individual defendants, alleging trademark infringement for certain cosmetic products. Plaintiff brought a motion for summary judgment, which was granted in part and denied in part by this court in a lengthy opinion issued on March 25, 2008. *See* Opinion and Order (March 25, 2008) ("3/25/08 Opinion"), ECF Docket Number 185. Rather than readying the remaining claims for trial, plaintiff thereafter filed successive motions to reopen discovery, and brought a second motion for summary judgment alleging that newly discovered evidence showed that defendants Michael Aini, Jacob Aini, and Choul Realty, Inc. were involved in the use of Plaintiff's mark in commerce. Plaintiff's motion included requests for attorneys' fees under the Lanham Act, 17 U.S.C. § 1117(a), and sanctions under Rules 37 and 56 of the Federal Rules of Civil Procedure. The motion was referred to the Honorable Roanne L Mann, United States Magistrate Judge on August 27, 2009. On December 1, 2009, Judge Mann issued a Report and Recommendation (the "R & R"), recommending denial of plaintiff's motion for summary judgment and deferral of the issue of sanctions until after trial.

      On December 15, 2009, plaintiff filed objections to the R & R under seal, and, on January 5, 2010, defendant filed a memorandum in support of the R & R and in opposition to plaintiff's

objections, also under seal. Plaintiff objects only to the magistrate judge's recommendations that (1) plaintiff's request for attorney fees be denied; and (2) consideration of plaintiff's request for sanctions be deferred until after trial. Defendants respond that plaintiff's objection as to the attorney fees issue under the Lanham Act is contrary to well-established precedent regarding the court's discretion to determine the scope of its reconsideration, and the constraints on reconsideration arising from the law of the case doctrine. They further argue that plaintiff forfeited its right to seek attorney fees and sanctions against defendants based on new material that was previously discoverable. For the reasons set forth below, plaintiff's requests for attorney fees and sanctions are denied without prejudice to renew after trial.

In reviewing a magistrate judge's R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to an R & R, the court must engage in *de novo* review of those portions of the report to which the party specifically objects. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). This Order assumes familiarity with this case's factual background and procedural history.[1] While the court adopts the result recommended in the R & R as to plaintiff's requests for attorney fees and sanctions, it does so upon a different basis, set forth *infra*.

The court need not reach the parties' specific arguments regarding the availability of attorney's fees under the Lanham Act, because plaintiff has not prevailed as to the remaining defendants in this action. As a threshold matter, plaintiff is not entitled to an award of attorney fees from defendants against whom it has not yet prevailed. *See Santana Prod., Inc. v. Sylvester & Assoc., Ltd.*, 279 F. App'x. 42, 43 (2d Cir. 2008) (quoting 15 U.S.C. § 1117(a)(3)) ("Under the

---

[1] Detailed narratives regarding this case's factual background and procedural history are set forth in this court's 3/25/08 Opinion and Judge Mann's R & R.

2

Lanham Act, '[t]he court in exceptional cases may award reasonable attorney fees *to the prevailing party*.'") (emphasis added); *see also Collins v. Aztar Corp.*, 210 F.3d 354, 354 (2d Cir. 2000) (finding that "a party must succeed on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit" before it can be deemed a "prevailing party" entitled to attorney fees under the Lanham Act). On March 25, 2008, this court denied plaintiff's motion for summary judgment against defendants I.C.E. Marketing, Corp. ("ICE"), Michael Aini ("M. Aini"), Jacob Aini ("J. Aini"), and Choul Realty Inc. ("Choul"). *See Johnson & Johnson v. Aini*, 540 F. Supp. 2d 374, 394 (E.D.N.Y. 2008). The court also granted summary judgment in favor of plaintiff against defendants I.B.E. Cosmetics, Inc., Harry Aini, Homeboys, and the Retail Defendants.[2] *Id.* However, plaintiff's renewed motion for summary judgment, with its ancillary request for attorney fees under the Lanham Act, involves only ICE, M. Aini, J. Aini, and Choul. Since plaintiff's renewed motion for summary judgment is denied for the reasons set forth in the R & R, plaintiff has not prevailed against these defendants and, consequently, is not entitled to recover attorney fees from them. Accordingly, the court will not reconsider its prior ruling denying attorney fees at this stage in the litigation.[3]

---

[2] Lucky Beauty Supply; Mimi's Beauty Supply; Ocean Beauty Supply, a/k/a/ Ocean Beauty Supply Inc.; Barney's, a/k/a Barney's Pharmacy, a/k/a Barney's Court Cut Rate; and One Stop Beauty, a/k/a One Stop Beauty Supply, Inc.

[3] Significantly, in its 3/25/08 Order, the court rejected plaintiff's prior application for attorney fees under the Lanham Act, 15 U.S.C. § 1117(a) holding that this is not an exceptional case. Since plaintiff is essentially raising the same grounds for relief, it does not appear that a review of its request on the merits would lead to a different result. Moreover, the court concurs with Judge Mann that plaintiff did not seek permission to revisit the earlier ruling or move for sanctions, in direct defiance of the court's January 29, 2009 Order indicating that "[a]ny motion filed without the permission of the court at this juncture will be summarily stricken." *See* R & R at 22-23. The court reminds the parties that they may all find themselves subject to sanctions at the end of trial should they persist in flaunting court orders.

With respect to plaintiff's request for sanctions under Rules 37 and 56 of the Federal Rules of Civil Procedure, that request is denied. Success on a motion for sanctions under Rule 56(g) is contingent on the court being "satisfied that an affidavit under this rule is submitted in bad faith or solely for delay." *See* FED. R. CIV. P. 56(g). Similarly, "[w]hether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses[.]" *See Reilly v. Natwest Markets Group Inc.*, F.3d 253, 267 (2d Cir. 1999). The court is not prepared to rule on the record now before it that the apparent inconsistencies in the "newly discovered" evidence support the negative inferences advocated by plaintiffs, or that the alleged misrepresentations in defendants' affidavits and testimony amount to fraud or willful misconduct. However, defendants are admonished that the court will seriously consider sanctions if, at the conclusion of trial, it finds that they engaged in wrongful conduct in connection with this case.

Wherefore, upon due consideration, the court adopts the R & R in its entirety.[4] The court further denies plaintiff's request for attorney fees and sanctions without prejudice to renew after trial.

SO ORDERED

DATED:   Brooklyn, New York
         March 17, 2010

/s/
DORA L. IRIZARRY
United States District Judge

---

[4] Judge Mann indicates in the R & R that plaintiff filed a separate motion for summary judgment against defendant New King's Cosmetic ("New King") that appears unresolved. *See* R & R. at 4 n.8. The motion was resolved not by a separate Memorandum and Order but by an Electronic Order dated November 18, 2008, which, *inter alia*, granted summary judgment against New King with respect to plaintiff's Lanham Act claims, as well as plaintiff's state law claims for dilution and unfair competition.